UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSE RENTAS,

        Plaintiff,

  v.                                                 CIVIL NO. 2:19cv664

U-HAUL CO. OF VIRGINIA, et al.

        Defendants,

**MEMORANDUM FINAL ORDER**

This matter comes before the court on the Plaintiff's Motion to Stay Proceedings Pending Arbitration ("Motion"), and Memorandum in Support, filed on March 23, 2020, ECF Nos. 3, 6. On March 24, 2020, the Defendants filed a "Notice," which "confirm[]s that they join in the Motion to Stay Proceedings Pending Arbitration." ECF No. 7.

**I. Procedural History**

On December 6, 2019, Plaintiff filed a one-count Complaint against Defendants U-Haul Co. of Virginia, U-Haul International, Inc., and AMERCO. ECF No. 1. The Complaint alleges that the Defendants unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964. Id. at 16.

On March 6, 2020, the court issued a Show Cause Order, ordering Plaintiff to show cause why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) because

the Complaint had not been served within ninety (90) days of the filing of the Complaint. ECF No. 2.[1] Plaintiff filed the instant Motion on March 23, 2020. ECF No. 3. Also on March 23, Plaintiff filed a "Response" to the Show Cause Order, in which he asserted that the Complaint has not been served because Plaintiff filed the instant Motion. ECF No. 5.

## II. Motion to Stay Proceedings

The court agrees with the parties that this matter should be adjudicated in arbitration. The Federal Arbitration Act ("FAA") provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A court must make two determinations prior to compelling arbitration. First, the court must determine whether a binding arbitration agreement exists between the parties. Hightower v. GMRI, Inc., 272 F.3d 239, 242 (4th Cir. 2001). Second, the court must determine whether the dispute falls within the scope of the arbitration agreement. Id.

Here, a binding arbitration between Rentas and the Defendants exists, and the dispute falls within the arbitration agreement. On

---

[1] Because the court will dismiss this action, the issue of service of the Complaint is moot. See infra Part II.

2

August 6, 2007, Plaintiff signed a "Notice to Employees About U-Haul's Employment Dispute Resolution Policy" (hereinafter "Notice") that explains that "any and all claims and disputes . . . that are related in any way to [Rentas's] employment" would be decided by "final and binding arbitration." ECF No. 6-2. There is no allegation that the Notice is unenforceable, and it covers the employment dispute contained in the Complaint. Accordingly, the parties will be ordered to proceed to mandatory, final, and binding arbitration under the Notice. See id.

The court, however, will not stay the action pending the outcome of the arbitration proceeding. The Fourth Circuit has held that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001). Here, all of the claims in the Complaint fall within the arbitration provision. Accordingly, the Complaint will be dismissed. See, e.g., Branchville Mach. Co. v. Agco Corp., 252 F. Supp. 2d 307, 312 (E.D. Va. 2003) (Smith, J.) (dismissing action "[b]ecause all claims in this dispute are subject to binding arbitration"); Gibbs v. PFS Investments, Inc., 209 F. Supp. 2d 620, 627 (E.D. Va. 2002) (Smith, J.) (same).

For these reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**. The parties are **ORDERED** to proceed to arbitration as set

3

forth in the Notice. Plaintiff's suit is **DISMISSED** without prejudice to the ability to pursue his claims through arbitration.

The Clerk is **DIRECTED** to send a copy of this Memorandum Final Order to counsel for the parties.[2]

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

Rebecca Beach Smith
Senior United States District Judge

April 3, 2020

---

[2] The court notes that despite any service issues, counsel has appeared on behalf of all named Defendants.